IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cecil Eric Fox,

Plaintiff,

v.

Lexington County Detention Center;Sheriff Koon; South Carolina Department of Corrections; Brian Stirling; Lexington County Sheriffs Department and L.C. Detention Center; Major Kevin M. Jones; Ofc. J. Grooms; Ofc. J. O'Cain; Lt. Hare; Ofc. Lacy; Sgt. Thomas; Lt. Over Security and Mailroom, Library; Mrs. Scott; Sgt. Davenport; Ofc. Higgins; Mrs. Brittney; Mrs. Blendoutski; Name Unknown Psychiatrist; Mr. Garner; Murray; Boston; Jones; Clerks and Unknown Ones Names; Lt. Reid; Officer Mancuso; New Beginnings; Dorthy Keisler; Ralph Keisler; Donald Roland; Tom Peace; Sunshine Tucker; Johnathan Tucker; Jeffrey Langdon; Laura Peace; 2 others Names Unknown; Prisma Medical Center; Lexington Medical Center; Emergency Medical Services,

Defendants.

Civil Action No. 0:26-cv-1519-BHH

**ORDER**

This matter is before the Court upon Plaintiff Cecil Eric Fox's ("Plaintiff" or "Fox") *pro se* complaint against the above-named Defendants. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On April 16, 2026, the Magistrate Judge directed Plaintiff to provide the necessary information and forms to bring his case into proper form and warned Plaintiff of the potential

consequences if he failed to provide the necessary information. (ECF No. 5.) On May 6, 2026, Plaintiff responded to the Magistrate Judge's order with a letter indicating that he complied with Rule 11 and submitted process receipts and returns. (ECF No. 7.) Plaintiff did not, however, comply with the Magistrate Judge's instructions set forth in the April 16 letter.

Accordingly, on October 19, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action without prejudice and without issuance and service of process. (ECF No. 11.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 11), and the Court summarily dismisses this action without prejudice and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 10, 2026
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is notified of the right to appeal this order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.